# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| DULCE MARIA DIAZ, ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | JURY DEMAND |
| ) | |
| v. ) | |
| ) | |
| GOLDBERG WEISMAN CAIRO ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Dulce Maria Diaz ("Plaintiff"), by her attorneys, brings this action against Goldberg Weisman Cairo ("Defendant"), and alleges as follows:

## NATURE OF ACTION

1. This action is brought pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, alleging violations of that statute including interference with Plaintiff's exercise of rights under the FMLA and retaliation in the form of discharge for having utilized rights under the FMLA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §2601 *et seq.*

3. Venue is proper in this Court pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1392(b) because the events giving rise to Plaintiff's claims occurred in this district.

## THE PARTIES

4. Plaintiff, Dulce Maria Diaz, is a female resident of Chicago, located in Cook County Illinois. She was employed by Defendant from December 21, 2016 through June 12, 2018, when Defendant terminated her employment.

5. Defendant, Goldberg Weisman Cairo, is an Illinois corporation operating as a law firm in Illinois.

6. At all relevant times to this action Defendant was a covered employer under the FMLA. At all relevant times to this action, beginning December 21, 2017, Plaintiff was an "eligible employee" as defined by the FMLA under 29 U.S.C. §2611(2)(A).

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with Defendant on December 21, 2016 as a personal injury paralegal.

8. Throughout her employment with Defendant, Plaintiff performed her employment responsibilities competently and met Defendant's expectations.

9. On or about November 13, 2017, Plaintiff sought medical attention and received treatment, including the administration of the drug cortisone, for the medical condition of plantar fasciitis.

10. Immediately following the treatment, and while en route to work, Plaintiff experienced severe pain in her feet and she advised supervisory personnel of her medical condition and that she would be unable to work that day due to the pain.

11. The following day, Plaintiff awakened with severely swollen feet which rendered her unable to walk. Plaintiff again made supervisory personnel of Defendant aware of her medical condition.

12. After Plaintiff's pain and swelling persisted for several days, she again sought medical treatment on or about November 20, 2017. Plaintiff's physician provided her a written medical note explaining her condition and recommended that she not return to work until December, 2017.

13. In or about November 2017, Plaintiff requested FMLA leave due to her serious medical condition. Defendant informed her that she would not be eligible for FMLA leave until December 21, 2017, Plaintiff's one year anniversary employed with Defendant.

14. Plaintiff returned to work on or about November 29, 2017 and continued to work through December 18, 2017.

15. On or about December 8, 2017, while still suffering pain from her medical condition, Plaintiff was sent home. Although her supervising attorney requested that Plaintiff be permitted to work from home temporarily, that request was denied.

16. On or about December 21, 2017, Plaintiff exercised her right to medical leave pursuant to the FMLA.

17. On or about January 4, 2018, Plaintiff was advised by her physician that she not return to work until after seeking a second medical opinion.

18. On or about January 10, 2018, Plaintiff in fact sought and obtained a second medical opinion regarding her condition.

19. On or about January 15, 2018, Plaintiff sought a third medical opinion. Plaintiff consistently updated supervisory agents of Defendant concerning her condition again.

20. On or about January 16, 2018, Plaintiff attempted to return to work, but again experienced severe pain. At that time, Plaintiff requested to continue her FMLA medical leave.

21. On or about February 2, 2018, Plaintiff, fearful of the possibility of termination, returned to work despite continued pain.

22. Upon returning to work, Plaintiff was not returned to her original position as required by the FMLA, but rather was reinstated as a worker's compensation paralegal. Thereafter, the attorneys with whom Plaintiff had previously worked continued to request work from Plaintiff, in addition to the workload provided by her newly-assigned attorneys. After being promised a return to her previous position, at the request of the attorneys with whom she had worked, Defendant instead hired another individual for the position.

23. On or about June 12, 2018, Defendant discharged Plaintiff for the stated reason of having missed work on June 11, 2018 due to a necessary medical appointment, which according to Defendant, caused her to exceed her allowable sick days, and despite the fact that Plaintiff had not yet utilized all of her available FMLA days.

## COUNT I

## UNLAWFUL TERMINATION IN VIOLATION OF THE FMLA

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above with the same force and effect as if fully set out herein.

25. Defendant's refusal to reinstate Plaintiff to her previous position and Defendant's termination of Plaintiff's employment constituted a violation of the FMLA.

26. Defendant's violation of the FMLA was willful and intentional.

**WHEREFORE,** Plaintiff requests that this Court enter an Order:

1. Finding that Defendant violated the FMLA;

2. Awarding Plaintiff lost wages and benefits;

3. Reinstating Plaintiff to her position as a personal injury paralegal;

4. Awarding Plaintiff liquidated damages as allowable by the FMLA;

5. Awarding Plaintiff reasonable attorney fees and the costs of this action; and

6. Such other relief as this Court deems to be just.

## COUNT II

## INTERFERENCE WITH AND RETALIATION FOR HAVING EXERCISED FMLA RIGHTS

27. Plaintiff re-alleges and incorporates by reference paragraphs 1-26 above with the same force and effect as if fully set out herein.

28. The foregoing conduct constitutes interference with Plaintiff's exercise of her rights under the FMLA and retaliation against Plaintiff for having exercised her rights under the FMLA.

29. Defendant's violations constituted willful and intentional violations of the FMLA.

**WHEREFORE,** Plaintiff requests that this Court enter an Order:

A. Finding that Defendant Enter judgment finding that Defendant violated the FMLA;

B. Awarding Plaintiff lost wages and benefits;

    C.      Reinstating Plaintiff to her previous position as a personal injury paralegal;

    D.      Awarding Plaintiff liquidated damages as allowable by the FMLA;

    E.      Awarding Plaintiff reasonable attorney fees and the costs of this action; and

    F.      Such other relief as this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all counts of her Complaint.

Respectfully Submitted,

By: s:/Richard J. Gonzalez
Richard J. Gonzalez

RICHARD J. GONZALEZ
JAZ PARK
Attorneys for Plaintiff
LAW OFFICES
CHICAGO-KENT COLLEGE OF LAW
565 West Adams Street, Suite 600
Chicago, Illinois 60661
RG: Tel.: (312) 906-5079
JP: Tel.: (312)906-5226
Fax: (312) 906-5299
rgonzale@kentlaw.edu
Attorney Number: 24155
jaz.park@kentlaw.edu